# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELIZABETH RICCHIO,<br><br>Petitioner,<br><br>vs.<br><br>BOARD OF PAROLE HEARINGS,<br><br>Respondent. | Case No.:1:12-cv-01318-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 13, 2012. Petitioner contends the Board of Parole relied on false and inaccurate information in her central file to deny her parole at her suitability hearings in 2007 and 2011. Petitioner also presents that the civil rights action she filed against the Warden of Valley State Prison has resulted in a settlement agreement to expunge and/or redact certain false and inaccurate information from her central file. (Petition, at 8.) Lastly, Petitioner argues the Board issued its five-year and seven-year denials pursuant to California's Proposition 9 ("Marsy's Law") in violation of the ex post facto clause of the United States Constitution. (Petition, at 9.)

PROCEDURAL BACKGROUND

Petitioner indicates that she is currently an inmate at Valley State Prison for Women in Chowchilla, serving a sentence of 27 years to life for first degree murder with personal use of firearm. (Petition, at 1.)

Petitioner filed three state habeas corpus petitions challenging the 2011 parole hearing. On December 21, 2011, the San Diego County Superior Court denied the petition for writ of habeas corpus. On February 28, 2012, the California Court of Appeal, Fourth Appellate District denied the petition for writ of habeas corpus. On June 20, 2012, the California Supreme Court denied the petition.

Petitioner submits that she filed a civil rights action against the California Department of Corrections and Rehabilitation (CDCR) which resulted in a settlement agreement to expunge and/or redact certain information from her central file. (Petition, at 24.)

ANALYSIS

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution …." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's confinement or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from

the face of the petition … that the petition is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

I.     Board of Parole's Reliance on False and/or Inaccurate Information

The Court finds this claim is not ripe for adjudication. Ripeness is "peculiarly a question of timing." Buckley v. Valeo, 424 U.S. 1 (1976) (citation omitted). The basic rationale behind the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements," when those "disagreements" are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agr. Prods. Co., 473 U.S. 568, 580-581 (1985). "Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate lives cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Id. In determining whether a case is ripe, a court considers: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." Ohio Foresty Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 733 (1998).

Petitioner's latest parole hearing took place in 2011, and the civil rights action settlement agreement did not occur until 2012; thus, it is clear that at the time the Board of Parole Hearings' conducted the 2011 hearing there was no settlement agreement to expunge and/or redact certain information from Petitioner's central file. In this instance, the Court finds Petitioner would not be subject to "hardship" if review is delayed because she can re-file a new habeas corpus petition if and when the Board of Parole Hearings continues to rely on information that was expunged and/or redacted from her central file, which has not yet occurred. Second, judicial intervention at this juncture could interfere with the Board of Parole's future action in response to Deputy

California Attorney General, Gretchen Buechsenschuetz's request to advance a new parole suitability within a reasonable time without reliance on the expunged and redacted information and its response thereto. As Petitioner specifically states, she is still in the process of expunging information from her central file and Petitioner has not alleged nor demonstrated that CDCR has declined to conduct a new suitability hearing without reference to the expunged and redacted information. (Petition, at 24.) Third, the Court would benefit from future factual development of the issues presented such as a determination of what information was specifically redacted from Petitioner's central file and how that impacts the Board of Parole's finding of suitability for release.

Moreover, as Petitioner's claim is not ripe for review it is obvious that she has not exhausted the state court remedies with respect to his specific challenge. Petitioner concedes such in her petition stating the issue of false information is new evidence that was not raised in state petition for writ of habeas corpus. (Petition, at 8.) A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d at 1241.

In order to satisfy the exhaustion requirement, Petitioner must exhaust the specific claim that the Board of Parole Hearings has relied on confidential information that has since been expunged and/or redacted from her central file.

To the extent Petitioner is attempting to challenge both the 2007 and 2011 parole hearings in this single petition, and assuming such challenge would be cognizable by way of § 2254, she must file separate petitions as different decisions may not be challenged in a single habeas corpus petition. Furthermore, the Court takes judicial notice of the fact that Petitioner has filed two other petitions for writs of habeas corpus in this Court in case numbers 1:09-cv-01959 AWI MJS HC and 1:10-cv-00824 OWW SKO HC. In case number 1:09-cv-01959 AWI MJS

HC, Petitioner claimed that the CDCR was violating her due process rights by maintaining false information regarding her conduct in her central prison file. Petitioner sought to have the information expunged from her file. The petition was dismissed for failure to state a cognizable claim on March 22, 2011. In case number 1:10-cv-00824 OWW SKO HC, Petitioner sought to challenge the 2007 denial of parole. The petition was dismissed in part for failure to state a cognizable claim and denied in all other respects on June 27, 2011.

II.     Due Process/Some Evidence

The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence. However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979). California's parole statutes allow for release on parole unless there is "some evidence" of the inmates current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-1206 (2008). In Swarthout v. Cooke, ___ U.S. ___, 131 S.Ct. 859 (2011) the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S.Ct at 862. Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision. Id. Rather, this Court's review of parole determinations is limited to whether the "minimal" procedural protections set forth in Greenholtz were met, that is "an opportunity to be heard and a statement of the reasons why parole was denied." Id. at 862.

In light of the Supreme Court's holding in Swarthout, any challenge the sufficiency of the evidence to support the parole board's decision is not cognizable under 28 U.S.C. § 2254. Moreover, Petitioner received the procedural protections set forth in Greenholtz. Petitioner was presented and participated in his parole consideration hearing on May 11, 2011, and Petitioner

makes no claim to the contrary. Petitioner's sole claim is based on the substance of the Board's decision and reliance on information she claims was expunged and/or redacted from her prison central file. Accordingly, Petitioner was afforded all the procedural protections, and the claim must be dismissed.

III.     Proposition 9

Petitioner's challenge to Proposition 9 is without merit. As an initial matter, the seven year denial period did not lengthen Petitioner's indeterminate life sentence with the possibility of parole. Further, Petitioner may request the Board provide her with a new parole hearing prior to the end of the three year period. Cal. Pen. Code § 3041.5(d)(1) (provides that "[a]n inmate may request that the board exercise its discretion to advance a hearing . . . to an earlier date, by submitting a written request to the board . . . which shall set forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate.").

In California Dep't of Corrections v. Morales, 514 U.S. 499 (1995), a California statute changed the frequency of reconsideration hearings for parole from every year to up to three years for prisoners convicted of more than one murder. Id. at 503. The Supreme Court determined the statute did not violate ex post facto because the retroactive application of the change in California law did not create "'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" Garner v. Jones, 529 U.S. 244, 250 (2000), quoting, Morales, 514 U.S. at 509. The Supreme Court noted that the law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." Garner, 529 U.S. at 250, citing, Morales, 514 U.S. at 507. Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offense of first degree murder, it did not alter her initial parole eligibility date, and it did not change the basic structure

of California's parole law. The board must consider the same factors in determining parole suitability as before. See Cal. Penal Code § 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

Nevertheless as noted above, in Garner the Supreme Court found that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S. at 250. In Garner, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even where the frequency of reconsideration hearings was changed from every three years to every eight years. Id. at 256. The Court held that it could not conclude that the change in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing. Id. at 254-56. In addition, the Court found it significant that the parole board's own policies permitted "expedited parole review in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." Id. at 254 [Citation.].

Here, the California parole board is still vested with broad discretion in selecting a date of rehearing from three years to 15 years, and the Board retains the discretion, as did the Georgia parole board in Garner, to advance a hearing at any time should there be a change in circumstances. Pursuant to Cal. Penal Code § 3041.5(b)(4), the Board

> may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3).

Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility

of producing the prohibited effect of increasing the measure of punishment for covered crimes." Garner, 529 U.S. at 251, quoting, Morales, 514 U.S. at 509.[1]

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED without prejudice as to Petitioner's challenge to the Board's reliance on the false and inaccurate information expunged and/or redacted from Petitioner's central file is DISMISSED without prejudice; and

2. Petitioner's due process challenges based on the lack of some evidence to support the Board's decision and Petitioner's challenge to Proposition 9 be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 10, 2012**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is advised that there is a 42 U.S.C. § 1983 class action pending in this Court which alleges that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution. See Gilman v. Fisher, 2:05-cv-00830 LKK GGH P.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28